Mr. I. Talbot, as counsel for the defendants, filed the following petition for a re-hearing, to-wit:
The magnitude of the interests involved in, the opinion, pronounced by your honors, in this case, with the thorough convictions of his best judgment on some of the principles discussed and settled with their application to the facts presented in the present record, have induced the undersigned, for himself, and as counsel for his co-defendant, to trouble your honors with this petition; in the confident reliance that it will receive the calm, cool and careful review and reexamination which its novelty and importance merits.
The primary and important question which presents itself for adjudication in the case, is, that which results from the power exercised by the circuit court, in entertaining the motion of the defendants to dis *357 miss the appeal, which had been prayed, and with the assent of the complainant, granted them to the appellate court, from the decree which had been pronounced therein, affirming and establishing the superiority of the claim of the complainant to the whole or a portion-of the land in controversy, deciding on the mode in which the complainant’s entry should be surveyed, and directing the surveyor to identify the land which would be embraced by the entry of the complainant, when laid offin conformity with their opinion, and to report by metes and bounds the interference which should be found to exist between the claims of the respective parties, when laid off in conformity with this opinion.
rehearu/0* & *
This is a simple question of power and jurisdiction in the circuit court, entirely unmingled with any considerations connected with another question which might be raised; whether in the exercise of a lawful and unquestioned power, (that being conceded) the court in the exercise of a just and sound discretion, with which they were endowed, were guilty of any error so enormous, as to authorize an inference that a discretion truly, and wisely vested, had been abused; such abuse alone being thejust or proper subject for correction or control by the appellate tribunal? And this question resolves itself into this further and ultimate inquiry, on which the decision must finally rest: Is the opinion and decision of the circuit court which has been alluded to, a jfinal decree in the cause, or is it not?
The affirmative of this proposition, it is true, was asserted by the counsel for the plaintiff in error,on the argument of the case. A proposition so novel and extraordinary-, unsopported by argument, reason or authorit}"', in direct contravention of the strong clear and precise terms employed in characterising this species of decree, excited in the mind of the opposing counsel feelings of astonishment alone, not the less intense, because of the elevated standing and acknowledged legal talents of the gentleman by whom it was advanced; feelings which have been immeasurably increased by the opinion pronounced herein, which seems intended, if its scope is entirely comprehended by your petitioner, for the purposes, at least of the *358 present controversy, to give full sanction, and to stamp with the might of the highest judicial authority of the state, a proposition, which with all due respect, ■ seems at war with elimentary principles, with the ■constant invariable usage'of courts of equity, and with the plain, clear and unequivocal terms in which it is expressed.
Petition for re-hearing.
The division of decrees in chancery, is into two species and no more. Decrees which are interlocutory, and final decrees. All decrees and orders, which intervene between the hearing and final disposition of the cause, from the common understanding and definition of the term, are interlocutory. Such decrees almost invariably settle some principle, or establish some right, or settle some controverted fact. They always lead to some otheror further scrutiny or investigation of some fact, the settlement or adjustment of some account,or the assessment of some indemnity for some injury sustained.- In their nature or their terms, such decrees are not final. Nor can they be so denominated without producing a confusion of ideas, or abuse of language and a perversion of terms.
A final decree, on the contrary,is that Iastandfinal actor order of the court, which forever puts an end to the jurisdiction,to the exercise of any farther judgment or discretion over the terms, or form or essence of the decree; and which leaves to the court by whom it is pronounced, no further power or authority but to superintend and see to its faithful execution by the ministerial officers of the law. From this it will be seen as a clear and inevitable consequence, while the cause stands upon an interlocutory; and before a final decree has been entered and enrolled; the decree, the whole record, is as it has been often styled, in the bosom of the court; the decree, as well as other proceedings in the cause subject to be changed,' or modified, altered or entirely abolished, and a new one given thereon, in the exercise of a sound discretion, the chancellor, under the influenceof those principles of equity, which should ever be his guide, shall find it fit ,and proper^ so to do. And it is in these intermediate stages, before the! door is closed by the last and final decree which dismisses the par* *359 ties from this forum that motions and petitions to open such interlocutory decrees and orders have, from time immemorial, and according to universal usage, been freely permitted and allowed. But when the final decree which is that, which disposes ofall the matters in controversy, finally, and even the costs of suit, has been pronounced, and the term of the court expired, and not till then, the power of that tribunal is gone, with the right to exercise revising power, that is a re-examinalion of its own decree thus rendered final, by a bill of review. To apply these well settled principles to the case in question, how shall the decree which, by consent, had been appealed from, be characterized? It had adjudicated upon the claims placed in competition by the respective parties. It had pronounced the entry of the complainant a valid one. It had prescribed the mode in which it should be surveyed in conformity with its opinion, and for the avowed purpose of enabling that court to enter a final decree between the parties, the surveyor, a ministerial officer, had been directed to identify the land recovered, and ascertain its bounds. His report to be subject to the examination and sanction of the court, to the scrutiny and objection of both the parties. And not until the completion of the whole, was it competent for the circuit court to pronounce that final decree between the parties, which could compel the defendants to convey the title, or yield the possession of the premises in contest, which was held by them.
Petition for a re-hearing.
In what sense, or to what purpose then, was this decree a final one? There is no one actor thing directed by thisdecreetobedone byeitherofthe parties,the thing to be recovered, the land in contest, is not ascertained or identified by the decree.
No conveyance or release of title thereto on the part of the defendants was ordered; or the possession of the premises directed to be yielded; nor in that stage of the business could have been ordered, without involving absurd and impracticable consequences to the parties and the court. The decree had done no more than fix the principles which, in that court’s opinion, ought to govern them in adjusting, by; their final decree, the matter in controversy between the *360 parties. And is such an one as has, as far as your petitioner believes, been uniformly, by Ilusas well as all other courts of equity, been characterized an interlocutory decree; and of consequence is such an one,as conformably to the principles and usages of the courts of chancery from time immemorial, has been considered as liable to all such changes or modifications as the circumstances, which might be developed in the progress of the cause, and the principles of justice might call for.
Petition for re-hearing.
But an appeal', with the assent of the complainant, had been prayed for, and granted by the court from this decree to the appellate court; and this consent yielded to this appeal on the part of the complainant seems, in the opinion of the court, to have conferred some new character or additional final character on this decree.
The force of the argument endeavored to be derived from this circumstance, is not perceived.
This consent, it is true, was indispensable at this stage of the cause, to the prayer or grant of an appeal. That it was so, is proof incontrovertible, that the decree was not a final one, as asserted in the opinion of the court. This consent yielded by the complainant, was on his part, no yielding or sacrifice of any right; on the contrary, it was for the immediate promotion of his best interest, a speedy attainment of the final object of his suit, by abreviating the time which would have been otherwise required, for the final termination of his suit; and thereby obtaining at an earlier period the enjoyment of the fruits of his successful suit, by the obtaining that possession of the premises in contest, which was held adversely by the defendants. On their parts, the defendants, by a more speedy termination of the case in the appellate court, had naught to gain, the enjoyment of the land to loose, and no benefit in prospect, but an earlier release from the harrassment and expense of a troublesome and expensive suit.
Iiow then, and upon what principle of equity or of just and fair argument, shall a mere consent on the part of the complainant, to an immediate appeal from this interlocutory decree, confer upon this act of mere consent, the character of a solemn compact be *361 tween the parties, which can confer any additional rights on the complainant, or compel the defendants, whether they will or no, under all circumstances, to prosecute that appeal from an interlocutory decree, on pain of being forever barred from all right at any future period, by any means, either in the inferior or appellate court, to correct the injustice of that decree? The consent was asked, or given, certainly with no such views of future consequences; but with the single purpose, of having an earlier decision of the matters in controversy by the appellate court, than would probably have been obtained by awaiting for a final decree, before the prosecution of the appeal; By the consent of the complainant to the prosecution of the appeal, no right was yielded, nothing was put to hazzard. No legal advantage on the part of the complainant was given Up by him. And on what principle then, is the complainant to derive an advantage never contemplated by him when this consent was yielded? And certainly never droanhed of by the defendants when this consent was asked. The appeal thus prayed for, and granted to the defendants,' as their peculiar legal privilege, and for their exclusive benefit, like all other benefits conferred by law; they might at any time, renounce according to a maxim of law which has for its basis the dictates of corn-toon sense, which is not the just boast of all our legal maxims;
^.hearine.1
Can the circumstance that this privilege of appeal conferred by the law, and constitution of our country, was exercised,at aperiod alitlle eariierthanotherwise it could have been by the assent of the complainant; an assent9 from which himself derived the principal or only benefit, deprive the defendants of their legal right, full and planary, reserved to them by a fundamental maxim of the law? It is conceived not.
The right of the defendants to dismiss their appeal; And to enter the order of dismission in the circuit court, the tribunal by which it was granted, before the filing of the record in the appellate court, an act ivhich alone could confer power or jurisdiction to act therein; otherwise than to dismiss the appeal on the motion of the appellee on account of the failure of the appellant to file the transcript of the record hi *362 the time prescribed by law, seems not to be questioned by the opinion of the court. If this right remains unquestioned, the right and power of the circuit court to entertain the motion of the defendant to set aside the interlocutory decree, or open the cause, by permitting the defendants to file an amended answer for the simple and exclusive purpose of introducing their patent into the cause, will not, and cannot be questioned. And if the decree was only interlocutory; a point which we flatter ourselves cannot be longer questioned, was it not fully competent to the circuit court in the exercise of a sound discretion, to permit the defendants to correct the effect of a mere inadvertence in an omission to file their muniment of title, of the existence and date of which, the complainant, from his own shewing, was perfectly cognizant before the commencement of his suit? In the exercise of this discretion, this honorable court has uniformly disclaimed all right, on their part, to interfere, contenting themselves with the reservation of the right to control or correct the abuse of that discretion, which is properly vested in the tribunal of original jurisdiction only. Indeed it was not urged in argument, nor is it intimated in the opinion, that there was any abuse of the discretion vested in the inferior jurisdiction, on this occasion; or that the matter contained in the affidavit did not disclose such a state of circumstances as would form a fair and just excuse for the inadvertence, in supposing the patent under which they held the land had been actually filed, and was on the file of papers at the hearing of the cause. Surely then, if the circuit courfis not arraigned for the abuse of a discretion, acknowledged to belong to that tribunal; and if all interference with the fair exercise of that discretion is disclaimed by the appellate court; it cannot be fairly or justly urged, that the inferior court erred in setting aside their former interlocutory decree; affording to the complainant time, if he desired it, either by new allegation, to remove, or obviate the ground of defence which was set up in the amended answer. Ample time for this purpose having been allowed, and no additional matter having been offered, either by way of allegation, or of evidence, the cause progressing on to final hearing, the defence arising from the fair and best con *363 struction of the compact between Kentucky and Yir-ginia, being deemed fatal to the complainant’s claim, his bill was dismissed with costs. On this dismission, the complainant slept in quiet,acquiescing in the tice of the decree, and in the propriety and fairness of the proceedings from which it resulted, for more than three yearsj until the time, allowed by the permanent existing laws for the prosecution of a writ of error had elapsed; and then availing himself of an act of the Legislature deemed, by your petitioners tobe a flagrant violation of the constitution, and of their legally vested rights, endeavors by the arguments of his counsel, to throw all the odium of unjust procrastination on his adversaries; who, within the period prescribed by law for the prosecution of their appeal, had the transcript of the record from the circuit court prepared to file, a purpose which was arrested only by the discovery, for the first time, that their patent was not on the file of papers in the suit; another patent in the same name of Squire Boone, for the same quantity of 1000 acres, on pre-emption too, by its endorsement, having deceived the counsel, who had had no occasion to open and examine it on the hearing of the cause.
Petition for re-hearing.
^ee¡!tioanfor a
But should this court still remain unshaken in the opinion, that it was utterly incompetent for the circuit court to touch the decree, whether interlocutory or final, which they hád entered in the case; and that on the dismission of the appeal taken from this decree, nothing remained to that tribunal but to proceed to cause a survey to be executed, and on its return to enter their final decree for a release or conveyance of the defendants title; and that we must consequently submit to a reversal of the decree of the circuit court, it is submitted with all due deference, whether the intimations in the opinion, of the future consequences which may result from this appeal, and its dismission on the rights oí the parties in litigation, are notprema-ture, as well as incorrect.
The right of the defendants, when a final decree, in conformity with the mandates of this court, shall have been entered against them by the circuit court, again to contest the legal consequences of the dismission of their former appeal by writ of error here, is expressly reserved to them in the opinion.

r^hearkig01"&

Is it not then premature if not entirely extrajudicial on occas'on for your honors to discuss the quegtion which may arise, when the matter shall be pro-presented by writ of error taken from such decree, when it shall have been pronounced, should the dismission of the appeal heretofore taken from the interlocutory decree, be relied on by the complainant, as a bar to its prosecution! And would it not better comport with the- rights of the parties, to forbear the discussion, at least the decision of a question which can only be judiciously determined on the suing out such writ of error, when, your petitioner flatters himself he shall be prepared successfully to meet it?
But if your petitioner may be permitted, with all due deference to the court, to question the correctness of the intimation thrown out by your honors in your opinion, that the dismission of an appeal, or of this appeal under the peculiar circumstances is equivalent to an affirmance of the judgment of the circuit pourt, he would urge, were this the suitable occasion, that tire writ of error for the reversal of the judgments of the inferior tribunal, by the appellate court, is a writ of right; which, by the express terms of the law organizing the appellate court, is given the party, deeming himself aggrieved,,in all cases of final judgments, orders ordecrees, without exception, issued out within the period limited for the prosecution; a privilege of which the complainant, in the present case, has been permitted to avail himself, even after the usual period fixed by the permanent existing law, and that for the reversal of a decree of the circuit court, dismissing his hill with costs, a decree too, which, if the opinion of your honors, that the former interlocutory decree pronounced by the same tribunal was a Jirial one, must of consequence, as it would seem to your petitioners be an entire nullity; and if void, for want of power or jurisdiction, to touch the cause in any manner or, for any purpose,.will a writ of error lie for the correction of any supposed error in a decree, which decree is in itself an entire nullity? It would seem not.
But has it ever, on any occasion, been questioned or doubted by any one, that it was competent for any *365 one wbo bad taken an appeal from any decree, either interlocutory or final, (which) had been dismissed for want of prosecution,irregularity or any othercause, to prosecute a writ (of error) from the samedecree? And has it not been the uniform and universal practice, from the organization of the court, to entertain such writs of error? Are, there not such,at this moment, pending on your docket, and has any counsel ever thought of paliing in question the propriety or legality of such proceedings? And if your petitioner is correct in these suppositions, what is therein the peculiar character or circumstances of the present case, by which the defendants should be disfranchised, or deprived of this ordinary exercise of a common right? Their appeal, it is true, was taken from a decree which, being but interlocutory, required the consent of the complainant for its prosecution. When that consent was yielded, bad such consent any other consequence than to place the decree on the footing of a final one, for the purpose of conferring jurisdiction on the appellate court? And if on final decree, the dismission of an appeal is no bar to the prosecution of a writ of error for the reversal of such decree, why may not a writ of error be prosecuted after the dismission of an appeal taken from a deere interlocutory only, when that decree shall be rendered final in obedience to the mandate of the court in the present case? Is there any magic in the consent given by the complainant in the present case, which should exclude the defendants from the common privilege granted by the law to every citizen,in all cases whatever withoutexception? It is confidently hoped that none such will, upon a careful review of this case, be found to exist.
ree_hearin°r * '
Upon the whole case, novel andanomalous as itmay appear in some of its peculiar circumstances, your petitioners indulge the hope, that it has some claims on your honors for a re-examination of the opinion; and if not to an entire change in the general result, at least to some modification, or explanation of the portions of it to which your attention has been respectfully solicited.
In illustration and support of the principle contended for on behalf of your petitioners, that the well settled principles and usages of the court of chancery in England, is to authorize petitions or motion's for re *366 hearings at any stage of the cause, before the proceedings are enrolled, which is done in parchment, and signed by the Lord Chancellor; which, is never done till the cause is finally decided and disposed of, and not only the merits of the case have been settled and decided, but all the minute details of the decree, and even the costs of the suit disposed of.
But the liberality of the chancellor has even extended this mode of relief still farther.
For when the decree has been obtained with unusual haste or precipitancy, (he will) set aside even a final decree, even after it has been enrolled, andgrant a rehearing; in analogy to the powers exercised by even the courtsof common!aw,in settingasidejudgments at law, particularly in ejectment cases, where they have been taken by default, and there is surprize on the part of the defendant, although the judgments are strictly regular. See II. Atk. 152. Hinde’s Chy. Prac. 443-4-5. I. Vez. 326.
Untibthe’decretal orderhas been drawn up, signed, and enrolled, it has the force only of an interlocutory order, and is not final; but may be altered on .a rehearing, or it should seem if the decree has not been acted under, it might be altered, on motion, or petition. Hinde’s Pr. Chy. 442.